## Samuel P. Kelly v. Frederick Kuntz.

1. VERDICT—*when set aside as against the evidence.* A verdict which is manifestly against the preponderance of the evidence will be set aside on appeal.

Action of assumpsit. Appeal from the Circuit Court of Ford County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

D. D. DONAHUE and LOUIS FITZ HENRY, for appellant.

SCHNEIDER & SCHNEIDER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee, Frederick Kuntz, on the 8th day of May, 1902, delivered to one D. M. Carson 1,050 bushels and 50 pounds of corn which was put into the elevator of Carson at Clarence, Illinois, as the property of Kuntz. Afterward, and on the 24th day of May, Kuntz went to Kelly, the appellant, a grain buyer in the same town, and entered into a contract with Kelly to sell him about 1,600 bushels of corn which he, appellee, then had upon his farm near Clarence, and also the corn stored in the elevator at Carson, at sixty cents per bushel.

Afterward appellee began delivering the corn from his farm and completed such delivery on the 18th day of June, at which time he received payment in full for the corn, including that in Carson's elevator, and then said to Kelly that the corn in the elevator was the same as the corn he had delivered to Kelly except in color.

At the time of the settlement on June 18th, when appellee received payment in full for the corn at the price agreed upon, he gave appellant an order in writing, addressed to Carson to deliver to Kelly 1,050 bushels and 50 pounds of corn "delivered to you by me," "same quality and in as good shape as I delivered to you."

About that date appellant went to Carson and Carson re-

fused to deliver the corn to appellant unless his loading charges were paid. Thereupon Kelly sent word to Kuntz. of the situation and on the 26th of June Kuntz went to Carson and paid the loading charges ($5.25) and on the 28th day of June, when Carson put the corn in a car furnished by Kelly, it was found to be in bad condition, heated and partly spoiled, whereupon Kelly refused to accept the corn and demanded a return of the money paid for such corn stored in Carson's elevator, which payment Kuntz. refused to make and appellant brought suit. There was a. verdict and judgment in favor of appellee in the Circuit. Court and Kelly appealed.

We have given the evidence in this case a careful examination and are fully satisfied that the verdict is against the manifest weight of the evidence.

While the contract between Kelly and Kuntz was made on the 24th day of May for all the corn at sixty cents per bushel, there was no actual *sale* accomplished until June 18th, when appellee had drawn and delivered to appellant the corn from his farm and made the order upon Carson for the corn stored in his elevator. There is no evidence at all, that appellant knew that Carson had any loading charges against 'the stored corn, nor that he was ever informed of such a claim upon the part of Carson until about the 18th day of June. Under the terms of the contract it seems indisputable that Kelly was to have the corn delivered to him free of charge. The order of June 18th, which appellee gave upon Carson was: " *Please deliver* to S. Kelly," etc. Appellant had paid Kuntz for the corn and was entitled to receive it free from charge and in the condition in which it was agreed to be delivered; and that the corn was in good condition when delivered to Carson is not disputed.

Within a very few days after June 18th, and within two days after Kuntz had paid the loading charges, Kelly. provided a car to receive the corn. Carson then loaded corn into the car which, upon inspection, was found to be in very bad condition and Kelly rightfully refused to accept it. That the corn, when delivered in the car, was partly rotten,,

black and heated, is not disputed, while the evidence tends strongly to show that the corn put in the car was not the corn at all of appellee. Three witnesses, Kelly, Barnes and Stevens, testified that at the car, while they were examining the corn in dispute, Kuntz said he did not blame Kelly for refusing to receive the corn and that the corn in the car was not the corn he had delivered to Carson. Kuntz himself, in his testimony, admits in substance that the corn he saw in the car was not the corn he raised on his farm and hauled to Carson's elevator.

Carson testified that he used about three hundred to four hundred bushels of Kelly's corn on the ninth day of May to fill up a car for his own use, but thinks he replaced the corn some time during the same month.

Appellee makes the claim that Kelly was to take his own chances in getting the corn from Carson's elevator, but this is expressly denied by Kelly and is, in our judgment, a claim wholly without merit. Kelly paid for the stored corn exactly the same price he did for the corn that Kuntz delivered upon his, Kelly's scales, and there is no pretense at all that he was not paying the full market price for the corn stored at Carson's.

The evidence shows that Kelly bought and paid for corn that Kuntz did not deliver, as he had contracted to do; and the manifest weight of the evidence is to the effect that the corn attempted to be delivered was not the same corn which Kelly was to receive from Kuntz.

Other errors are assigned, but we do not think it necessary to review them, as the case is one in which, upon the evidence, there should be a judgment in favor of the appellant for the amount of money paid by him for corn he never received.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*